UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6022-CR-HURLEY/VITUNAC,

UNITED STATES OF AMERICA

Plaintiff v.

CHRISTOPHER GILBOURNE,
Defendant
_____/

## DEFENDANT'S MOTION TO EXCLUDE TAPE TRANSCRIPTS OF TAPE RECORDINGS AND NOTICE OF JENCKS VIOLATIONS

COMES NOW the Defendant CHRISTOPHER GILBOURNE, by and through the undersigned Attorney and moves this Court to enter an Order to Exclude all Tape Transcripts of Tape Recordings and Notice of Jencks violations in the above styled cause and as grounds therefor states:

1. The Government is proposing to introduce into evidence Tapes and transcripts of such tapes. The Tape has been identified by the Government in their discovery submission as N-15/16. and is intended to be introduced into evidence as "13 composite - Cassette (N-15, 16, 17) of parking lot meeting on 1/14/00 @ 4.00 P. M. The Government proposes to introduce into evidence "transcripts of the above conversations" which relate to Tapes N-15, 16, 17, as Exhibit 13-A.

2. Tapes may only be admitted into evidence if they are authentic, accurate, trustworthy, audible and trustworthy enough for the jury to consider them.

3. Before admitting tapes, the Government must produce evidence concerning the competency of the operator, the fidelity of the equipment, the absence of any alterations in the tapes and the identities of the speakers.

4. A tape should not be admitted unless it is intelligible and if there are substantial unintelligible portions of the tape recording, it is to be deemed untrustworthy.

5. The evidence led by the Government to authenticate the transcript of the tape recordings has failed to establish the identity of the Defendant Christopher Gilbourne as one of the speakers on the said tape recordings.

6. The evidence establishes that the tape recordings, (Government's proposed Exhibit 13-A) were transcribed and interprted by a DEA Linguist and were then given to Officer "Wiles" or "Niles". Other telephone transcripts were translated by Officer Wiles/Niles, independently, without help from a translator. The Government proposes to tender in evidence not only the words used in the transcript but also the interpretation provided by Officer "Wiles" or "Niles".

7. Defendant Gilbourne is unsure of the name of this Officer as his name was never given to the Defense during Discovery. In addition, Counsel for Defendant Gilbourne was not provided with a copy of his

Grand Jury testimony either before or after he had given his evidence in Court. Counsel for Defendant Gilbourne only became aware that this Officer's Grand Jury testimony had been provided to counsel for other co-defendants after the completion of the cross-examination of the witness by Counsel for Defendant Gilbourne. This deliberate non-disclosure is a discovery violation.

8. Officer Wiles/Niles is patently incompetent to translate the words used in to transcript and in consequence any translation provided by him is untrustworthy and inadmissible in evidence. He has admitted that he is still a Police Officer trainee who is not a DEA Special Agent.

9. Officer Wiles/Niles admitted that the individuals in the Tape recording spoke in Jamaican Patois. He has had no formal training in the interpretation of Jamaican Patois and was ignorant of the development of this language and its usage. Officer Wiles/Niles was unaware of any body of study known as Caribbean Linguistics and was unaware that the Jamaican Patois is a "dialect" or "language" quite separate from English. Officer Wiles/Niles was unaware of the independence of Jamaica Patois as a separate language from English.

10. Officer Wiles/Niles was unaware of the fact that there was Poetry written in Jamaican Patois; he was unaware of "Louise Bennett" and of her published work, *JAMAICA LABRISH*; he was unaware of the poems of *CLAUDE MacKAY*, in the Jamaican dialect; he was unacquainted with "Four Jamaican Creole Texts- Phonetic transcriptions and glosses edited by David DeCamp, Creole Language Studies; he was unaware of the dictionary

of Jamaican English published by LePaige and Cassidy by Cambridge University Press.

11   Officer Wiles/Niles had no knowledge of Jamaica or of the language spoken by Jamaicans between themselves. He did not know that there was University of the West Indies although that institution has been established for more than fifty years. Officer Wiles/Niles did not know of the existence of an Extra-Mural Department of the University of the West Indies or that there have been language conferences in Jamaica which relate exclusively to Jamaican Patois, its integrity as an independent language and its idiosyncratic grammar.

12.   Any translation provided by Officer Wiles/Niles of Jamaican Patois is uninformed, arbitrary and unsatisfactory.

13.   Officer Wiles/Niles admitted that Defendant Christopher Gilbourne was not identified as a speaker by the individual who transcribed the Tape, Government Exhibit "13 comp". Any later attempt by the Government to identify the Defendant Christopher Gilbourne as one of the speakers on the said tape, is unreliable, unsatisfactory and inadmissible in evidence.

14.   Non-provision by the Government to Counsel for the Defendant Gilbourne of the Grand Jury testimony of Officer Wiles/Niles before or after the witness had given evidence on direct examination and before cross-examination is a violation of the Standing Discovery entered by the Court herein and in violation of Rule 26.2 (e) of the Federal Rules of Criminal Procedure.

WHEREFORE Defendant respectfully requests that this Motion be Granted.

Respectfully Submitted.

*[signature]*
DAVID P. ROWE, ESQ.
18800 NW 2nd Ave., #105A,
Miami, FL 33169
(305) 412-0059; (305) 770-2119
Fla. Bar No. 0373575

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by US Mail to Roger H. Stefin, Esq., Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394 this 15th day of May, 2000.

*[signature]*
DAVID P. ROWE, ESQ.