UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6022-CR-HURLEY/VITUNAC,

UNITED STATES OF AMERICA

Plaintiff v.

CHRISTOPHER GILBOURNE,
Defendant

_____/

FILED by _____ D.C.
INTAKE

MAY 1 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TAPE TRANSCRIPTS OF TAPE RECORDINGS AND NOTICE OF JENCKS VIOLATIONS

COMES NOW the Defendant CHRISTOPHER GILBOURNE, by and through the undersigned Attorney and files this Memorandum of Law in Support of Defendant's Motion to enter an Order to Exclude all Tape Transcripts of Tape Recordings and Notice of Jencks violations in the above styled cause and states:

1. The Government is proposing to introduce into evidence Tapes and transcripts of such tapes. The Tape has been identified by the Government in their discovery submission as N-15/16. and is intended to be introduced into evidence as "13 composite - Cassette (N-15, 16, 17) of parking lot meeting on 1/14/00 @ 4.00 P. M. The Government proposes to introduce into evidence "transcripts of the above conversations" which relate to Tapes N-15, 16, 17, as Exhibit 13-A.

1



2.   Tapes may only be admitted into evidence if they are authentic, accurate, trustworthy, audible and trustworthy enough for the jury to consider them. Before admitting tapes, the Government must produce evidence concerning the competency of the operator, the fidelity of the equipment, the absence of any alterations in the tapes and the identities of the speakers. The admissibility of a recorded conversation is addressed to the sound discretion of the trial judge. United States v. Lane, 514 F. 2d.23, 27, (9th Cir. 1975. However, a recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy. United States v. Lane, p. 27.

3.   In United States v. Onori, 535 F. 2d. 939, 947 (5th Cir. 1976), the Court noted that the use of tape recordings is obviously acceptable as long as a proper foundation has been laid and the recordings and the recordings constitute real as opposed to testimonial evidence. The Court stated that transcripts of tape recordings which have been properly admitted may also be admitted into evidence for limited purposes, including the identity of speakers. In relation to the overall use which can be made of the transcript of a tape recording the Court said, " We believe that the use of a transcript as a guide is analagous to the use of expert testimony as a device aiding a jury in understanding other types of real evidence". It is the submission of the Defendant in this case that the witness called by the Government to prove the translation of a taped conversdation from Jamaican Patois into standard English should be qualified as an expert. Trainee Police Officer Wiles/Niles, made admissions in cross-examination as to his ignorance of

2

the leading works on the dictionary and literature in Jamaican Patois as to render him incapable of being an expert.

4.   Although the Court in Onori held that it was unnecessary for the trial court to decide whether a transcript is accurate before that transcript can be given to the jury so long as each side to the dispute is given an opportunity to submit a transcript containing its version of a conversation, that direction is not applicable to a case of this nature where the Government has not been able to demonstrate in a threshold fashion that the translation provided by the Government was made by someone who had the capability to do so.

5.   Police Officer Wiles/Niles, was not familiar with the voice of the Defendant Gilbourne at the time when he purported to make the translation from Jamaican Patois into standard English and there is no evidence that he has since become familiar with the voice of Defendant Gilbourne. Absent such familiarity his evidence identifying the voice of Mr. Gilbourne is inadmissible. United States v. Biggins, 551 F. 2d. 64 (5th Cir. 1977).

6.   The Court in Onori laid down the preferred rule that before a transcript of a tape recording was introduced into evidence the Prosecution should attempt to obtain an official translation of the transcript of the tape recording for the use of the jury. The Government made no effort in this case to obtain an official transcript of the translations which are being proferred by the Government. This case is distinguishable from the case of United States v. Wilson, 578 F. 2d. 67, where the Court held that the defendant who had an opportunity to provide a transcript from the tape recording and did not do so could not complain on appeal at the exercise of the trial judge's decision to place the transcript before the jury. In this case,

it is not merely the transcript of the tape recording that the Government is seeking to put into evidence. It is seeking to include the translation of Jamaican Patois into standard English without laying any foundation whatever for the competence of the translator.

7.  The Fifth Circuit in United States v. Llinas, 603 F. 2d. 506, stated that the Onori procedure to try to obtain an official transcript of the tape recording should be applied where the language of the recorded conversation is other than English. If the Government had adopted that procedure at an early stage it would have become obvious to the defense that the translation being offered by the Government was made by someone without the expertise to do so and was therefore worthless and inadmissible. It is not just a matter for the jury to decide what they make of the translation offered by the Government. There should be some foundation for such a translation. See also United States v. Cruz, 765 So. 2d. 1020 (11th Cir. 1985). In that case, Cruz was offered the opportunity by the Court to prepare his own translation of the tape recording and he declined to do so. Cruz had argued that there was a difficulty in translating from Spanish into English where many words are susceptible of many meanings. It is easy to understand how that submission could be rejected because of the nearly world-wide use of Spanish as a language. This is not so for Jamaican Patois which is a very localized and peculiar language. This peculiarity is demonstrated in the works of *Louise Bennett* , (Hon. D. Lit., Folklorist, Broadcaster B.B.C., British Council Scholar to the Royal Academy, London, Poet, Prolific Writer in Jamaican Patois language). See also U. S. v. Zambrana, 864 So. 2d. 494.

## CONCLUSION.

4

8.  Police Officer Wiles/Niles is incompetent to translate Jamaican Patois into standard English. The transcripts which the Government is attempting to introduce into evidence which contain translations of Jamaican Patois into English are so prejudicial and without a drop of probative value, that the Court in the exercise of sound discretion should exclude the said transcripts.

Respectfully Submitted.

_____
DAVID P. ROWE, ESQ.
18800 NW 2nd Ave., #105A,
Miami, FL 33169
(305) 412-0059; (305) 770-2119
Fla. Bar No. 0373575

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by US Mail to Roger H. Stefin, Esq., Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394 this 15th day of May, 2000.

_____
DAVID P. ROWE, ESQ.