UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6022-CR-HURLEY/VITUNAC,



UNITED STATES OF AMERICA

Plaintiff v.

CHRISTOPHER GILBOURNE,
Defendant

_____

## FURTHER MOTION FOR NEW TRIAL

COMES NOW the Defendant CHRISTOPHER GILBOURNE, by and through the undersigned Attorney and pursuant to Rule 33 of the Federal Rules of Criminal Procedure moves this Honorable Court by this Further Motion to enter an Order for New Trial in the above styled cause and states:

1. On May 18, 2000, the Defendant filed a Motion for New Trial herein against his conviction by a jury in the Palm Beach Division of the District Court for the Southern District of Florida on May 17, 2000 of an Indictment alleging Conspiracy to possess with intent to distribute cocaine on January 13, 2000 and on January 14, 2000.

2. In addition to the grounds stated in the Defendant's original Motion for New Trial, the Defendant would show as follows:

3. The Government failed to produce any objective evidence that the bag which was taken from the motor vehicle in which the Defendant was



traveling contained any Currency. Law enforcement officers produced several photographs which were taken at the scene of the arrest of the Defendant but did not produce any photograph of the contents of the bag which was taken at that scene. The Defendant has stated that he had no knowledge of a large quantity of Cash being carried in that vehicle. The evidence for the prosecution lacked cogency in relation to the allegation that Cash was found in that bag and such evidence ought to have been rejected by the jury.

4. The learned trial ought to have excluded the evidence of the Confidential Informant Gordon or to have struck his evidence from the record on the basis of his complete unreliability. Confidential Informant Gordon admitted that he had previously deceived the DEA by alleging that he had been engaged in a submarine cocaine operation to Cuba and also that evidence which he had given to the Court was perjurious. The Government erred in calling Confidential Informant Gordon and offer him as a credible witness for the prosecution, when to the knowledge of the Government, Confidential Informant Gordon, could not be believed on his oath.

WHEREFORE the Defendant respectfully requests that this Further Motion be granted.

Respectfully Submitted.

_David P. Rowe_
DAVID P. ROWE, ESQ.
18800 NW 2nd Ave., #105A,
Miami, FL 33169
(305) 412-0059; (305) 770-2119
Fla. Bar No. 0373575

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by US Mail to Roger H. Stefin, Esq., Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394 this 24th day of May, 2000.

*[signature]*
DAVID P. ROWE, ESQ.